United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RATTO BROS., INC., <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN RULE PRODUCE, INC., et al., <br><br> Defendants. | Case No. 19-CV-01964-LHK <br><br> **ORDER DENYING EX PARTE APPLICATION FOR TEMPRARY RESTRAINING ORDER WITHOUT NOTICE** <br><br> Re: Dkt. No. 2 |

On April 11, 2019, Plaintiff Ratto Bros. Inc. ("Ratto Bros" or "Plaintiff") filed an *ex parte* application for a temporary restraining order ("TRO") to enjoin Defendants Golden Rule Produce, Inc. ("Golden Rule" or "Defendant") and Dimitrios "Jimmy" Tsigaris (collectively, "Defendants") from using, consuming, or otherwise dissipating trust assets under the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a et seq. *See* ECF No. 2 ("TRO"). Plaintiff also filed a motion for a preliminary injunction. *See* ECF No. 3. Having considered the arguments and declarations provided by Plaintiff, the Court finds that issuance of a TRO without notice to Defendants is not justified in this case. Accordingly, the Court DENIES Plaintiff's ex parte application for a TRO. The Court will hold a hearing on Plaintiff's motion for preliminary injunction on Thursday, May 2, 2019, at 1:30 p.m.

1
Case No. 19-CV-01964-LHK
ORDER DENYING EX PARTE APPLICATION FOR TEMPRARY RESTRAINING ORDER WITHOUT NOTICE

## I. BACKGROUND

The Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co., Inc. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104–05 (9th Cir. 2001). District courts have jurisdiction over actions brought by trust beneficiaries to enforce payment from a trust, 7 U.S.C. § 499e(c)(5), including actions to enjoin dissipation of trust assets. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 157–58 (11th Cir. 1990).

Plaintiff is a PACA licensee that has sold perishable agricultural commodities to Defendant. ECF No. 2-1 ("Compl.") ¶¶ 3, 5. Plaintiff sold several shipments of produce to Defendant resulting in approximately $41,441.50 in overdue invoices. *See* ECF No. 2-4 ("Niles Decl.") ¶ 3. Plaintiff contends that Defendant "failed to pay the invoices within the agreed payment terms and the cumulative amount of $35,253.00 remains overdue and unpaid." ECF No. 2-3 ("Cunningham Decl.") ¶ 9.

Plaintiff contends that since September 2018, Plaintiff's sales representative, Kenneth Cunningham ("Cunningham"), contacted Defendant through Louis Chavez, Jimmy Tsigaris, and "Peter," regarding Defendant's non-payment of Plaintiff's invoices. *Id.* ¶¶ 12–13. According to Cunningham, "[e]ach time I spoke with either [Louis Chavez, Jimmy Tsigaris or Peter], they promised to send a check, but, other than a check for $3688.50 received in mid-January and another for $2500 received in early February, [Plaintiff] never received any other payments from [Defendant] and $35,253.00 remains unpaid." *Id.* ¶ 14. Since early February 2018, Cunningham has placed telephone calls every two weeks to Defendant seeking payment. *Id.* ¶ 15. Plaintiff's counsel, Jennifer Niles ("Niles"), also contacted Defendant in January and February 2019 regarding Defendant's failure to pay Plaintiff's invoices. *See* Niles Decl. ¶¶ 3–8.

Plaintiff believes that Defendant Golden Rule has failed to maintain sufficient trust assets to satisfy its PACA trust obligations to Plaintiff and that Defendant is dissipating asserts covered

by the trust provisions of PACA. Cunningham Decl. ¶¶ 16–17 ("Based on these facts and my personal experience in the produce industry, I believe that [Defendant] has failed to maintain sufficient trust assets . . . and have dissipated and will continue to dissipate trust assets belonging to [Defendants].") Plaintiff therefore seeks a TRO to enjoin Defendants from "using, consuming, or otherwise dissipating trust assets under PACA." TRO at 2. Plaintiff also requests that the Court issue the TRO without notice to Defendants. *See* ECF No. 2-5 ("Attorney Cert."). Plaintiff contends that "[a]dvising Defendants of the pendency of this motion will allow Defendants the opportunity to pay non-trust debts with trust assets prior to the hearing, including those non-trust debts for which the individual defendants would be liable, such as withholding taxes." *Id.* at 4. Plaintiff further contends that once all trusts are dissipated, it will make any recovery of the debt unlikely. *Id.*

## II. LEGAL STANDARD

Because Plaintiff seeks issuance of a TRO without notice to the Defendants, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for ex parte orders set forth in Federal Rule of Civil Procedure 65(b). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the applicant's attorney must certify

3

1    in writing the reasons why notice should not be required. Fed. R. Civ. Pro. 65(b)(1). The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an ex parte TRO. *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Such circumstances include "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

## III. DISCUSSION

Plaintiff argues that the Court should issue this TRO without notice to Defendants because "[a]dvising Defendants of the pendency of this motion will allow Defendants the opportunity to pay non-trust debts with trust assets prior to the hearing, including those non-trust debts for which the individual defendants would be liable, such as withholding taxes." ECF No. 2-2 ("Mem.") at 9–10; Attorney Cert. at 4. Plaintiff further contends that once all trusts are dissipated, it will make any recovery of the debt unlikely. Attorney Cert. at 4.

The Court agrees that dissipation of PACA trust assets constitutes a form of irreparable harm that may justify issuance of an ex parte TRO. In enacting the trust provisions of PACA, Congress sought to prevent the harm that occurs when dealers pay secured creditors from the proceeds of perishable agricultural commodities, leaving agricultural suppliers with no means of recovering payment. *See* 7 U.S.C. § 499e(c)(1); *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223–24 (9th Cir. 2002). The legislative history of PACA recognizes that once trust funds are dissipated, it is all but impossible to effect recovery. H.R.Rep. No. 98–543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 411. Accordingly, courts in this district have granted ex parte TROs upon a clear showing that notice will result in further dissipation of trust assets. *Chong's Produce, Inc. v. Meshaal*, No. C 09–4787, 2009 WL 3298175 (N.D. Cal. Oct. 9, 2009); *Inn Foods Inc. v. Turner Mead LLC*, No. C 07–00649, 2007 WL 484781 (N.D. Cal. Feb. 9, 2007); *but see ASA Farms, Inc. v. Fresh 'N Healthy, Inc.*, No. C 08–00122, 2008 WL 115009 (N.D. Cal. Jan.10, 2008) (denying request for ex parte TRO).

In this case, however, Plaintiff has not clearly shown that immediate dissipation of trust

4

assets will occur before Defendants can be heard in opposition, as required by Rule 65(b). Plaintiff argues that no notice should be required because Defendants are currently dissipating trust assets. Mem. at 8. Plaintiffs argue that this dissipation is evidenced by the following facts. First, there is an outstanding balance of $35,253. *Id.* at 6. Second, Plaintiff has demanded payment from Defendants on numerous occasions through Cunningham and Niles and Defendants have not paid their outstanding balance. *Id.* at 8. Third, Defendants had settled another lawsuit that was filed in the United States District Court for the Northern District of California with PACA funds. *Id.* (citing Niles Decl. ¶¶ 11–12). Fifth, another case was filed in the United States District Court for the Northern District of California against Defendant by another apparent PACA creditor. *Id.* (citing Niles Decl. ¶ 12). The Court is certainly concerned that Defendants have an outstanding balance and have apparently refused to pay the entire amount of this balance. However, these facts do not show that if Defendants were provided notice of the TRO and permitted time to respond, Defendants would dissipate the assets before the matter could be heard.

Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Where a plaintiff seeks such relief without notice to the adverse party, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *Reno Air Racing Assoc., Inc.*, 452 F.3d at 1131. In this case, Plaintiff has not clearly shown that it will face immediate, irreparable injury if Defendant is advised of its application for a TRO. Accordingly, the Court DENIES Plaintiff's ex parte motion for a temporary restraining order.

Although Plaintiff has not persuaded the Court that notice to Defendant would result in immediate dissipation of trust assets, the Court finds that Plaintiff has nonetheless made a strong enough showing to warrant an expedited hearing on the motion for a preliminary injunction. The Court will hold a hearing on Plaintiff's motion for preliminary injunction on Thursday, May 2, 2019, at 1:30 p.m.

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS as follows:

(1) Plaintiff's *ex parte* application for a TRO is DENIED.

(2) The docket reflects that the summons against Defendants were issued on April 12, 2019; however, Defendants have yet to appear. *See* ECF Nos. 12, 13. Plaintiff shall immediately serve Defendants with the instant Order. Plaintiff shall effect service no later than close of business on April 17, 2019.

(3) Defendants shall file an opposition to Plaintiff's motion for preliminary injunction no later than Thursday, April 25, 2019. Plaintiff may file a reply by Monday, April 29, 2019.

(4) The hearing on Plaintiff's motion for preliminary injunction shall be held on Thursday, May 2, 2019 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: April 16, 2019

_____
LUCY H. KOH
United States District Judge