United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RATTO BROS., INC., <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN RULE PRODUCE, INC., et al., <br><br> Defendants. | Case No. 19-CV-01964-LHK <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 3 |

On April 11, 2019, Plaintiff Ratto Bros., Inc. ("Ratto Bros" or "Plaintiff") filed an *ex parte* application for a temporary restraining order ("TRO") to enjoin Defendants Golden Rule Produce, Inc. ("Golden Rule") and its Chief Executive Officer, Dimitrios "Jimmy" Tsigaris ("Tsigaris"), (collectively, "Defendants") from using, consuming, or otherwise dissipating trust assets under the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a et seq. *See* ECF No. 2 ("TRO"). On April 11, 2019, Plaintiff also filed the instant a motion for preliminary injunction. *See* ECF No. 3 ("Mot.").

On April 16, 2019, the Court denied Plaintiff's ex parte application for a TRO because Plaintiff failed to persuade the Court that notice to Defendants would result in immediate dissipation of trust assets. ECF No. 15 ("April 16, 2019 Order"). The Court set April 25, 2019 as

1
Case No. 19-CV-01964-LHK
ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

1 Defendants' deadline to file an opposition to Plaintiff's motion for preliminary injunction. *Id.* at 6.
The Court also set May 2, 2019 as the hearing on Plaintiff's motion for preliminary injunction. *See id.* On April 25, 2019, Defendants filed their opposition to Plaintiff's motion for preliminary injunction. ECF No. 21 ("Opp'n"). On April 29, 2019, Plaintiff filed its reply. ECF No. 23 ("Reply").

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion for preliminary injunction.

**I.     BACKGROUND**

The Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co., Inc. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104–05 (9th Cir. 2001). District courts have jurisdiction over actions brought by trust beneficiaries to enforce payment from a trust, 7 U.S.C. § 499e(c)(5), including actions to enjoin dissipation of trust assets. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 157–58 (11th Cir. 1990).

Plaintiff is a PACA licensee that has sold perishable agricultural commodities to Defendant. ECF No. 1 ("Compl.") ¶¶ 3, 5. Plaintiff sold several shipments of produce to Defendant resulting in approximately $41,441.50 in overdue invoices. *See* ECF No. 3-2 ("Niles Decl.") ¶ 3. Plaintiff contends that Defendant "failed to pay the invoices within the agreed payment terms and the cumulative amount of $35,253.00 remains overdue and unpaid." ECF No. 3-3 ("Cunningham Decl.") ¶ 9.

Plaintiff contends that since September 2018, Plaintiff's sales representative, Kenneth Cunningham ("Cunningham"), contacted Defendant Golden Rule through Louis Chavez, Jimmy Tsigaris, and "Peter," regarding Defendant Golden Rule's non-payment of Plaintiff's invoices. *Id.* ¶¶ 12–13. According to Cunningham, "[e]ach time I spoke with either [Louis Chavez, Jimmy Tsigaris or Peter], they promised to send a check, but, other than a check for $3688.50 received in

2

mid-January and another for $2500 received in early February, [Plaintiff] never received any other payments from Golden Rule and $35,253.00 remains unpaid." *Id.* ¶ 14. Since early February 2019, Cunningham has placed telephone calls every two weeks to Defendant Golden Rule seeking payment. *Id.* ¶ 15. Plaintiff's counsel, Jennifer Niles ("Niles"), also contacted Defendant Golden Rule in January and February 2019 regarding Defendant's failure to pay Plaintiff's invoices. *See* Niles Decl. ¶¶ 3–8.

Plaintiff believes that Defendant Golden Rule has failed to maintain sufficient trust assets to satisfy its PACA trust obligations to Plaintiff and that Defendant is dissipating assets covered by the trust provisions of the PACA. Cunningham Decl. ¶¶ 16–17 ("Based on these facts and my personal experience in the produce industry, I believe that Golden Rule has failed to maintain sufficient trust assets . . . and have dissipated and will continue to dissipate trust assets belonging to [Plaintiff]."). Plaintiff therefore seeks to enjoin Defendants from "using, consuming, or otherwise dissipating PACA trust assets, or making payment of any PACA trust asset to any creditor, person, or entity until further order of this Court, payment to Ratto Bros., or Ratto Bros. agreement." *See* ECF No. 3-1 ("Mem.") at 2. Plaintiff contends that it is likely to prevail on the merits because Defendants have not paid for the produce they received under PACA; that dissipation of PACA trust assets constitutes irreparable harm; and that the balance of equities tip in Plaintiff's favor and that an injunction is in the public interest. *See* Mem.

## II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Moreover, the party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

3

showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

## III. DISCUSSION

Plaintiff argues that it meets all requirements for a preliminary injunction and that no bond should be required. *See* Mot. & Mem.

Defendants' opposition consists of a few paragraphs that primarily state the standard for a preliminary injunction. *See* Opp'n. Defendants' only substantive arguments are that: (1) if Defendants are permitted to continue operations, they can pay Plaintiff within weeks; (2) if an injunction is granted, Defendants will not have the ability to pay their debt to Plaintiff; (3) there is no harm to Plaintiff in waiting; and (4) an injunction would cause harm to both parties. *Id.* at 2.

In addition, Defendant Tsigaris, Chief Executive Officer of Co-Defendant Golden Rule Produce, Inc., represents that Defendants on April 25, 2019, made a payment of $6,000 to Plaintiff and that Defendant Golden Rule "intends to continue making payments as agreed." ECF No. 21-1 ("Tsigaris Decl.") ¶ 4.

Plaintiff's reply acknowledges receipt of Defendants' $6,000 payment but does not know if the check will clear. Reply at 2. Moreover, Plaintiff notes that Defendants sent the $6,000 payment on April 25, 2019, the date Defendants filed their opposition to Plaintiff's instant motion for preliminary injunction. Reply at 2.

For the reasons given below, the Court finds that Plaintiff is entitled to a preliminary injunction and GRANTS Plaintiff's motion for preliminary injunction.

First, Plaintiff has demonstrated a likelihood of success. Defendant does not contest that Plaintiff has demonstrated a likelihood of success. *See* Opp'n. Plaintiff is a PACA licensee that has sold perishable agricultural commodities to Defendant, who is also licensed under the PACA. Compl. ¶¶ 3–5; 7 U.S.C. §§ 499a-t. Plaintiff sold several shipments of produce to Defendant resulting in approximately $41,441.50 in overdue invoices. *See* Niles Decl. ¶ 3. Plaintiff preserved its rights against Defendant Golden Rule as a trust beneficiary under the PACA. Cunningham Decl. ¶ 10. Plaintiff tried on numerous occasions to collect payment for the overdue invoices owed

4

by Defendant Golden Rule. *Id.* ¶¶ 11–15. Finally, Defendant "failed to pay the invoices within the agreed payment terms and the cumulative amount of $35,253.00 remains overdue and unpaid." *Id.* ¶ 9. *See, e.g.*, *Henry Avocado Corp. v. Golden Rule Produce, Inc., et al*, Case No. 5:19-CV-005810-EJD, Dkt. No. 11 (N.D. Cal. Feb. 1, 2019) (finding likelihood of success because the plaintiff, CustomRipe "(1) is a produce dealer subject to [PACA], 7 U.S.C. §§ 499a-t; (2) preserved its rights against Golden Rule as a trust beneficiary under PACA; and (3) has not been paid for perishable agricultural commodities it sold to Golden Rule totaling $53,806.00 as required by PACA."). Accordingly, Plaintiff has demonstrated a likelihood of success under the PACA.

Second, Plaintiff has demonstrated a likelihood of irreparable harm absent injunctive relief. Plaintiff has presented evidence that Defendant Golden Rule is in financial jeopardy, has either dissipated or threatened to dissipate the trust assets subject to the PACA, 7 U.S.C. § 499e(c)(2), and may not be in a position to pay Plaintiff's PACA trust claim. Specifically, Plaintiff has submitted evidence that despite the fact that Defendant Golden Rule owes Plaintiff and promised to send checks every week, Plaintiff only received two checks since early January 2019: one for $3,688.50 received in mid-January and another for $2,500 received in early February, and that $35,253 remains unpaid. Niles Decl. ¶¶ 4–5, 7–8. Although Defendants now represent that an additional payment of $6,000 was made on April 25, 2019 (the date Defendants filed their opposition to the instant motion for preliminary injunction), Plaintiff does not know whether this check will clear. *See* Tsigaris Decl. ¶ 4; Reply at 2. If the check does clear, then Defendants would still owe Plaintiff $29,253. Further, Defendants do not explain how a preliminary injunction would prevent them from continuing operations or how a preliminary injunction would "cause harm to both parties." *See* Opp'n at 2. Moreover, Plaintiff presented evidence that Defendants dissipated trust assets through settlement of another lawsuit that was filed in the Northern District of California. *See Henry Avocado Corp.*, Case No. 19-CV-005810-EJD (filed February 1, 2019, settled February 11, 2019, and dismissed on April 2, 2019). On April 4, 2019, Case No. 5:19-CV-1826-NC, was filed in this court for non-payment against Defendants by another apparent PACA creditor.

5
Case No. 19-CV-01964-LHK
ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Further, courts have recognized that dissipation of PACA trust assets constitutes irreparable harm. *See, e.g.*, *Henry Avocado Corp.*, Case No. 19-CV-005810-EJD, Dkt. No. 11 ("[T]he Court concludes that CustomRipe will suffer immediate and irreparable injury due to Golden Rule's dissipation of CustomRipe's beneficial interest in the statutory trust created under PACA, 7 U.S.C. § 499e(c), and that this dissipation will continue in the absence of injunctive relief."); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000) (finding that PACA trust dissipation constitutes irreparable harm); *Inn Foods Inc. v. Turner Mead LLC*, No. C 07–00649, 2007 WL 484781 (N.D. Cal. Feb. 9, 2007) ("[I]t appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief."). Indeed, courts in this district have even granted ex parte TROs upon a clear showing that notice will result in further dissipation of trust assets. *See, e.g.*, *Chong's Produce, Inc. v. Meshaal*, No. C 09–4787, 2009 WL 3298175 (N.D. Cal. Oct. 9, 2009); *Inn Foods Inc.*, 2007 WL 484781. Accordingly, the Court finds that Plaintiff has demonstrated irreparable harm.

Finally, the balance of equities and the public interest weigh in Plaintiff's favor. In enacting the trust provisions of PACA, Congress sought to prevent the harm that occurs when dealers pay secured creditors from the proceeds of perishable agricultural commodities, leaving agricultural suppliers with no means of recovering payment. *See* 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest."); *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223–24 (9th Cir. 2002) ("In response to this concern, Congress in 1984 broadened the scope of PACA to protect unpaid perishable agricultural commodities suppliers and sellers from business failures and reorganizations of buyers by enacting 7 U.S.C. § 499e."). The legislative history of PACA recognizes that once trust funds are dissipated, it is all but impossible to effect recovery. H.R.Rep. No. 98–543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 411. Relying on the statutory purpose of the PACA, courts have regularly found that issuance

6

Case No. 19-CV-01964-LHK
ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

of a preliminary injunction in a PACA trust dissipation case is in the public interest. *See, e.g.*, *Tanimura*, 222 F.3d at 140 ("Further, we find that issuance of a preliminary injunction here is in the public interest, as the statutory purpose explicitly encapsulates this."); *Frio Ice, S.A.*, 918 F.2d at 157–58 ("Congress recognized that dissipation of trust assets would undermine PACA and made such dissipation a violation of the statute. 7 U.S.C.A. § 499b(4) (West Supp.1990). Thus, preventing dissipation of the trust is a key purpose of PACA."). Accordingly, the Court finds that the balance of equities and the public interest weigh in Plaintiff's favor.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for preliminary injunction. The Court further ORDERS as follows:

(1) Defendant Golden Rule Produce, Inc. and its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Golden Rule Produce, Inc. (including Co-Defendant Tsigaris) are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the PACA trust provisions until further order of this Court.

(2) Under PACA, 7 U.S.C. §499e(c)(2), the assets subject to this order include all of Golden Rule's assets, unless it or a third party can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food, other products derived from perishable agricultural commodities, receivables or proceeds from the sale of such commodities or products, or purchased with funds from a comingled account containing proceeds from the sale of such commodities or products. However, Golden Rule may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Golden Rule accounts for and maintain the proceeds of any sale subject to this Order.

(3) Defendants shall serve a copy of this Order on all banking or financial institutions with

which it conducts business, or any person or entity who may be holding assets for or on its behalf.

(4) This Order is binding upon the parties to this action, banking and financial institutions, and all other persons or entities receiving actual notice of this Order by personal service, including email, facsimile transmission, priority mail, or Federal Express.

(5) The $29,253 in PACA Trust Assets belonging to Plaintiff Ratto Bros., Inc. and in Defendant Golden Rule's possession will serve as Plaintiff Ratto Bros., Inc.'s security for this injunction as required by FRCP 65(c).

(6) This preliminary injunction shall remain in effect until the conclusion of this case or further order of this Court, whichever occurs first.

**IT IS SO ORDERED.**

Dated: April 29, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge